CHOCTAW NATION v. LEXINGTON INSURANCE CO.
2023 OK 3
Case Number: 119413; Comp w/119359; 119701
Decided: 01/23/2023
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2023 OK 3, __ P.3d __

 
 

CHOCTAW NATION OF OKLAHOMA,
Plaintiff/Appellee,
v.
(1) LEXINGTON INSURANCE COMPANY;

(2) UNDERWRITERS AT LLOYD'S -- SYNDICATES: ASC 1414, XLC 2003, TAL 1183 MSP 318, ATL 1861, KLN 510, AGR 3268;

(3) UNDERWRITERS AT LLOYD'S -- SYNDICATE: CNP 4444;

(4) UNDERWRITERS AT LLOYD'S -- ASPEN SPECIALTY INSURANCE COMPANY;

(5) UNDERWRITERS AT LLOYD'S -- SYNDICATES: KLN 0510, ATL 1861, ASC 1414, QBE 1886, MSP 0318, APL 1969, CHN 2015, XLC 2003;

(6) UNDERWRITERS AT LLOYD'S -- SYNDICATE: BRT 2987;

(7) UNDERWRITERS AT LLOYD'S -- SYNDICATES: KLN 0510, TMK 1880, BRT 2987, BRT 2988, CNP 4444, ATL 1861, NEON WORLDWIDE PROPERTY CONSORTIUM, AUW 0609, TAL 1183, AUL 1274;

(8) HOMELAND INSURANCE COMPANY OF NY (ONE BEACON);

(9) HALLMARK SPECIALTY INSURANCE COMPANY;

(10) ENDURANCE WORLDWIDE INSURANCE LTD. T/AS SOMPO INTERNATIONAL;

(11) ARCH SPECIALTY INSURANCE COMPANY;

(12) EVANSTON INSURANCE COMPANY;

(13) ALLIED WORLD NATIONAL ASSURANCE COMPANY;

(14) LIBERTY MUTUAL FIRE INSURANCE COMPANY;

(15) XL INSURANCE AMERICA, INC.;

(16) AXA/XL AMERICA, INC.;

(17) RSUI-LANDMARK AMERICAN INSURANCE COMPANY;

(18) CHUBB BERMUDA LTD.;

(19) UNDERWRITERS AT LLOYD'S LONDON;

(20) ABC INSURANCE COMPANIES (to be determined);

Defendants/Appellants.

ORDER OF SUMMARY DISPOSITION

¶1 Rule 1.201 of the Oklahoma Supreme Court Rules provides that "[i]n any case in which it appears that a prior controlling appellate decision is dispositive of the appeal, the Court may summarily affirm or reverse, citing in its order of summary disposition this rule and the controlling decision." Okla. Sup. Ct. Rule 1.201, 12 O.S.2021, ch. 15, app. 1.

¶2 On July 12, 2021, this Court designated this case, Cherokee Nation v. Lexington Insurance Company (Case No. 119,359), 2022 OK 71Muscogee (Creek) Nation v. Lexington Insurance Company (Case No. 119,701) as companion cases. The sole issue in each of the companion cases is whether the district court correctly determined that business interruption coverage for the insured's losses "caused by direct physical loss or damage . . . to real and/or personal property" includes losses incurred by some intangible harm that rendered the insured's property unusable for its intended purpose.

¶3 THE COURT FINDS that our decision in Cherokee Nation v. Lexington Insurance Company, 2022 OK 71Cherokee Nation that the policy language "direct physical loss or damage . . . to real and/or personal property" requires immediate, actual or tangible deprivation or destruction of property disposes of the issues herein. Choctaw Nation of Oklahoma does not present any evidence that its property was tangibly damaged, and the policy at issue does not cover its alleged business interruption losses.

¶4 IT IS THEREFORE ORDERED that the district court's order sustaining Choctaw Nation of Oklahoma's motion for partial summary judgment on business interruption coverage is reversed and the cause is remanded for further proceedings.

¶5 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 23rd day of January, 2023.

/S/CHIEF JUSTICE

CONCUR: KANE, C.J., ROWE, V.C.J. (BY SEPARATE WRITING), WINCHESTER, DARBY, AND KUEHN, JJ., PRINCE, S.J.

DISSENT: EDMONDSON, COMBS (BY SEPARATE WRITING), AND GURICH, JJ.

RECUSED: KAUGER, J.

FOOTNOTES

 

 

ROWE, V.C.J., concurring:

¶1 I concur in the Court's order reversing the partial summary judgment granted in favor of the Choctaw Nation of Oklahoma and remanding the cause to the district court for further proceedings based upon our ruling in Cherokee Nation v. Lexington Insurance Co., et al., 2022 OK 71Cherokee Nation, 2022 OK 71

 

 

COMBS, J., with whom EDMONDSON and GURICH, JJ., join, dissenting:

I dissent for the reasons stated in Cherokee Nation v. Lexington Ins. Co., 2022 OK 71